# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| QUIONNA BROOKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 4:14-CV-689 |
| BANK OF AMERICA, NA, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.

### INTRODUCTION

Plaintiff files this Original Complaint against Defendant and respectfully shows as follows.

## II.

## PARTIES

1. Plaintiff is an individual and a citizen of Collin County, Texas.

2. Defendant is a corporation with its principal place of business located at 150 North College Street, 17th Floor, Charlotte, North Carolina, 28255.  Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas, 75201.

## III.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there is complete diversity of citizenship between Plaintiff and Defendant.

## IV.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Collin County.

5. Collin County lies within the Sherman Division of the Eastern District of Texas, as set forth in 28 U.S.C. § 124(c)(3).

## V.

## BACKGROUND FACTS

6. Plaintiff is a black female.

7. Plaintiff worked for Defendant from on or about June 2000 until she was wrongfully terminated on or about March 19, 2013.

8. Plaintiff was an Assistant Vice President Office Team Manager II and Customer Service Representative for Defendant.

9. From the start of her employment until on or about October 2012, Plaintiff received nothing but positive performance reviews.

10. Starting on or about October 2012, Plaintiff began reporting to new Unit Manager D.J. Ford, a white male.

11. From that time until the date of her termination on March 19, 2013, Ford systematically set out to terminate or transfer all black female employees in Plaintiff's position at Plaintiff's work location.

12. Ford terminated Plaintiff for allegedly giving a directive on a file to Sharon Clay, a black female who reported to Plaintiff.

13. The file was eventually caught by Jovania Alphonse, a black female, in the Quality Control department.

14. Both Clay and Alphonse separately told Plaintiff that Ford had attempted to coerce them into stating that Plaintiff had given that directive when she had not.

## VI.

## CONDITIONS PRECEDENT

15. On or about March 28, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

16. The Charge was filed within 180 days after Plaintiff was terminated.

17. More than 180 days have passed since Plaintiff filed her charge and no action has been taken on it by the TWC.

18. Plaintiff has timely exhausted all of her administrative remedies.

## VII.

## CAUSES OF ACTION

**A. First Cause of Action—Race Discrimination—TCHRA[1]**

19. Plaintiff incorporates each of the foregoing paragraphs.

20. Defendant discriminated against Plaintiff because of Plaintiff's race.

21. Defendant's actions violated section 21.051 of the Texas Labor Code.

**B. Second Cause of Action—Wrongful Termination—Race Discrimination—TCHRA**

22. Plaintiff incorporates each of the foregoing paragraphs.

23. Defendant terminated Plaintiff's employment because of Plaintiff's race.

24. Defendant's actions violated section 21.051 of the Texas Labor Code.

**C. Third Cause of Action—Color Discrimination—TCHRA**

25. Plaintiff incorporates each of the foregoing paragraphs.

26. Defendant discriminated against Plaintiff because of Plaintiff's color.

27. Defendant's actions violated section 21.051 of the Texas Labor Code.

**D. Fourth Cause of Action—Wrongful Termination—Color Discrimination—TCHRA**

28. Plaintiff incorporates each of the foregoing paragraphs.

29. Defendant terminated Plaintiff's employment because of Plaintiff's color.

30. Defendant's actions violated section 21.051 of the Texas Labor Code.

**E. Fifth Cause of Action—Sex/Gender Discrimination—TCHRA**

31. Plaintiff incorporates each of the foregoing paragraphs.

32. Defendant discriminated against Plaintiff because of Plaintiff's sex/gender.

---

[1] Texas Commission on Human Rights Act.

33. Defendant's actions violated section 21.051 of the Texas Labor Code.

**F.     Sixth Cause of Action—Wrongful Termination—Sex/Gender Discrimination—TCHRA**

34. Plaintiff incorporates each of the foregoing paragraphs.

35. Defendant terminated Plaintiff's employment because of Plaintiff's sex/gender.

36. Defendant's actions violated section 21.051 of the Texas Labor Code.

## VIII.

## DAMAGES

37. Plaintiff incorporates each of the foregoing paragraphs.

38. Defendant's actions violated the TCHRA, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

39. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

40. Plaintiff seeks all damages available to her under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

41. Plaintiff incorporates each of the foregoing paragraphs.

42. Plaintiff retained the services of undersigned counsel to prosecute her claims.

43. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## JURY DEMAND

44.   Plaintiff demands a trial by jury.

## XI.

## PRAYER

45.   Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A.    Back pay and front pay (including benefits);

    B.    Compensatory damages;

    C.    Punitive damages;

    D.    Reasonable attorneys' fees and expert fees;

    E.    Courts costs;

    F.    Pre-judgment and post-judgment interest at the rate set by law; and

    G.    All legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
mscott@kendalllawgroup.com
JOE KENDALL
Texas Bar No. 11260700
jkendall@kendalllawgroup.com
JAVIER PEREZ
Texas Bar No. 24083650
jperez@kendalllawgroup.com
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas  75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**